*CINCINNATI (CITY) v. GEORGE & ALLAN.

**Municipality Operating Waterworks Plant is Liable for Negligent Failure to Supply Water.**

> A municipal corporation operating a waterworks plant is liable to a consumer for damages resulting from its failure, without excuse, to supply water, from which in this case flowers in a greenhouse were frozen; hence, the failure, being brought about by a waterworks employe turning a wrong valve in an effort to stop a leak in a main, is without excuse, for which the municipality must respond as in negligence, and regardless of whether the contract expressly or impliedly guaranteed a continuous supply.

ERROR to common pleas court.

*Geoffrey Goldsmith,* for plaintiff.
*Littleford, James, Frost & Foster,* for defendants.

### SMITH, P. J.

Counsel for plaintiff in error asks for a reversal of the judgment entered by the court below in the above case upon the

*Affirmed, no op., **Cincinnati v. George**, 88 O. S. 000; 58 Bull. 190.

Cincinnati v. George & Allan.

ground that no negligence was proven against the city of Cincinnati.

The negligence complained of in the petition is that the city turned off its water valve in Edwards road, near Madison avenue, thus cutting off the water supply to defendants in error's plant and causing the freezing of their flowers in their greenhouses.

We think the evidence, both direct and circumstantial, when taken together, is sufficient to sustain the verdict and judgment of the court below.

Upon the question of contributory negligence, the jury in answer to special interrogatories found that at the time of the accident the boilers of George & Allan were in proper condition, and further, that if they were not in proper condition, then that this improper condition did not contribute to the accident.

Counsel for plaintiff in error argues that the evidence does not show that the valves at Edwards and Madison roads were turned off by the waterworks department. We think, however, that this view can not be maintained. The fact remains that for some hours after the leak in the water main had been discovered the water supply of George & Allan's plant was not diminished and it is reasonable to assume that it would have so continued notwithstanding the leak unless the valve on the main that furnished them with water was turned off, and the entire evidence, including that which is circumstantial, would seem to bear out the contention of defendants in error, that the Edwards road valve was closed, the closing of which was the proximate cause of the damage to defendants in error.

These questions were left to the determination of the jury under a proper charge of the court and we see no reason to disturb the finding.

Argument was made to the court on the matter of contract between the city and George & Allan as to whether the former guaranteed a continuous supply of water or an implied warranty for such supply. We do not deem it necessary to consider this question for the reason as stated in the case of *Watson* v. *Needham*, 161 Mass. 406 [37 N. E. Rep. 204; 24 L. R. A. 287].

Whether there was a contract or not in this regard, the question to be determined is, was the city negligent in its duty to defendants in error in depriving them of their supply of water without any reasonable excuse therefor.

Under the entire evidence we feel that the conclusion of the jury was correct in this respect, and finding no error in the record the judgment will be affirmed.

**Swing** and **Jones, JJ.,** concur.